### Commonwealth *vs.* Gilman S. Walker & another.

One who is held in custody on a charge of crime, and confined in the cell of a lock-up, is not called upon to contradict statements tending to implicate him in the crime, made in his hearing by another person to an officer of the law; and such statements, though not contradicted by him, are not admissible in evidence against him.

Indictment for larceny of money in a building.

At the trial in the superior court, before *Brigham*, J., there was evidence tending to connect the defendant Walker with the larceny; and a Mrs. Newhall, a witness for the Commonwealth, testified that she lived in the neighborhood of the house in which the larceny was committed, and on the night of the larceny Walker came to her house with another man whom he called Cary, but who did not correspond in size or appearance with John B. Cary, who was the other defendant. The district attorney then called a police officer as a witness, who was allowed to testify, under objection, that, while Cary was in a cell in the lock-up, he went to the door of the cell with Mrs. Newhall, and

pointed out Cary to her, and in his presence and hearing asked her if she could identify him as the man who was with Walker; and she said, " Yes; " that he asked her if she could swear to it; and she said, " Yes."

The defendants were severally found guilty, and alleged exceptions.

*S. B. Ives, Jr.,* for the defendant.

*Reed,* A. G., for the Commonwealth, cited *Commonwealth* v. *Galavan,* 9 Allen, 271 ; *Commonwealth* v. *Harvey,* 1 Gray, 487.

FOSTER, J. The testimony of the police officer to the conversation between himself and the witness Mrs. Newhall, in the presence of the defendant, while the latter was in custody, should not have been admitted. The defendant was not bound to deny or reply to the statements made between them, and his silence under such circumstances warranted no inference against him. *Commonwealth* v. *Kenney,* 12 Met. 235, states fully the rule of law applicable to such a case, and applies it to a state of facts almost precisely identical with those disclosed in these exceptions, which must be sustained.