MYRON C. WILDER v. HENRY F. HUBBELL, HIGHWAY COM'R AND CHARLES F. KELLOGG, CLERK OF RONALD TOWNSHIP.

*Certiorari—Proceedings to lay out highways.*

A writ of *certiorari* to review proceedings to lay out a highway will be dismissed with costs if notice of the intention to appeal was not promptly given after the complaining party became aware of the action taken.

CERTIORARI to Highway Commissioner and township clerk. Submitted April 27. Decided April 30.

*Mitchel & Pratt* for plaintiff in certiorari.

*W. O. Webster* for defendant in certiorari.

CAMPBELL, J. This is a certiorari to review the laying out of a highway in December, 1878. The writ was sued out in February, 1880. The objections relied on in the affidavit were the lack of notice to parties interested, the failure to find the necessity of the highway, and its location on a part only of the line petitioned for, whereby the road actually laid out was incomplete as a public passageway and no more than a private road.

The return shows that notice was duly served on plaintiff and several other persons named. He therefore knew of the proceedings, and was bound, if objecting, to act with some diligence. The excuse he gives is that a week after the action of the commissioner, and five days after the return to the town clerk, he was injured by a vicious horse and laid up some months; that after his recovery he was induced not to resist, by assurances of his friends that the commissioner would lay out the entire road. There is no statement that he received any such assurance from the commissioner.

Public policy requires that these local business arrangements should be closed up speedily, and that parties complaining should be prompt and consistent in their

opposition. Even if the excuse for not appealing is valid, there is no assertion that there was any intention to appeal, and a certiorari should have been taken out when the plaintiff had his attention called to the subject after his recovery. We think that by his delay plaintiff has lost any equity to object to these proceedings, and that the writ should be dismissed with costs.

The other Justices concurred.