Overton v. Rogers.

Filed Jan. 22, 1885.

---

No. 11,926.

OVERTON *v.* ROGERS.

JUDGMENT.—*Application to Set Aside.—Complaint.—Defects Cured.*—In the absence of a demurrer or a motion to make more specific, a complaint to set aside a judgment rendered by default, which fails to allege the date thereof any more definitely than that it was "on the — of ——, 1882," will be deemed cured after a finding.

SAME.—*Fraud.—Former Adjudication.—Negligence.*—An adjudication of a motion to set aside a judgment rendered by default, on the ground of excusable neglect, is not a bar to a subsequent action to set aside such judgment for fraud, even if the plaintiff had knowledge of the fraud when his motion was made.

SAME.—*Variance.*—Where a complaint to set aside a judgment alleges a judgment by default for three thousand dollars, and the proof shows it to be three thousand five hundred dollars, the variance is not material.

WITNESS.—*Impeachment.*—The impeachment of the character of a witness is only one of the modes of testing his credibility, and the court or jury may believe such witness notwithstanding his impeachment.

From the Washington Circuit Court.

*J. A. Zaring* and *A. B. Collins,* for appellant.

*D. M. Alspaugh* and *J. C. Lawler,* for appellee.

BICKNELL, C. C.—The appellee moved to set aside a judgment taken against him by default in said court in favor of the appellant at the August term, 1882.

His affidavit in support of said motion was met by a counter affidavit, and the motion was overruled. He appealed to this court, where the judgment of the court below was affirmed. *Rogers* v. *Overton,* 87 Ind. 410. The ground of the motion was alleged excusable neglect of the appellee. R. S. 1881, section 396.

The judgment had been taken by default on a failure to appear, and was for upwards of $3,000. Afterwards the appellee filed his complaint in the present suit to set aside said judgment for fraud. The complaint alleged that the appellant's attorneys, for the purpose of preventing the appearance of the appellee in the original suit, had notified him a few days after the service of the summons, and before the day of appearance, that he need not appear and defend in said suit, that he would not be wanted, for the reason that said suit had been settled, and that the complaint would be withdrawn and said suit dismissed. The complaint also stated that a few days after said notification, the appellant, in person, told the appellee that he did not intend to further prosecute said suit against him, and would have nothing further to do with any prosecution thereof against him; that the appellee relied on said notification and representation, and fully believed that said suit had been settled and would be dismissed and said

complaint withdrawn, and, therefore, did not attend said court nor appear in said suit, but the plaintiff and his said attorneys took advantage of his absence, so induced and caused by them, and took judgment against him by default for the sum aforesaid; that one of said attorneys afterwards admitted that said notice had been sent as aforesaid for the purpose of deceiving the appellee and keeping him away from said court, so that said judgment might be obtained against him. The complaint also stated the appellee's defence to said original suit, and prayed that the judgment might be set aside for the fraud aforesaid, and that the appellee might be permitted to file his answer in said original suit.

The appellant filed an answer to said complaint, setting up the proceedings upon the motion to set aside the default, and alleging them in bar of the complaint, as a former adjudication of the matters therein stated. A demurrer to this answer was overruled, and the appellee replied to said answer by a general denial.

The appellant afterwards, by leave of court, filed a general denial of said complaint.

The issues were tried by the court, who found for the appellee, overruled a motion by the appellant for a new trial, and rendered a judgment vacating the aforesaid judgment against the appellee and giving him leave to file an answer in the original suit. From this judgment the present appeal was taken. The errors assigned are:

1. The complaint does not state facts sufficient, etc.

2. Overruling the appellant's motion for a new trial.

The only objection made to the complaint is, that it fails to state on what day the judgment by default was rendered. The complaint states that the judgment was rendered on the — day of ——, 1882. To plead with such blanks is discreditable, but there was no demurrer to the complaint, and no motion to make it more specific, and the defect must be regarded as unavailable after a finding.

The reasons for a new trial are that the finding is not sustained by sufficient evidence and is contrary to law.

The appellant claims that the finding is not sustained by the evidence, because the complaint alleges a judgment by default for $3,000, and the judgment proved was for $3,500. Such a variance is not material. The appellant also claims that as the only witness for the appellee was successfully impeached as to character, by several witnesses, therefore there was substantially no evidence in favor of the appellee. Such an impeachment, however, is only one of the modes of testing the credibility of a witness. 1 Greenl. Ev., section 461. The jury, or the court trying the case without a jury, may believe a witness, notwithstanding such an impeachment.

The appellant also claims that his plea of former adjudication was sustained by the evidence. He claims that because the fraud alleged in the complaint was shown to have been known to the appellee at the time he made his motion to be relieved on account of excusable neglect, therefore the proceedings on said motion must be regarded as a bar to any future attack on the judgment even on the ground of fraud. But this position can not be maintained. The two proceedings are entirely different; the material matter in the complaint is the fraud alleged. This was not set forth in the motion; the only ground of the motion was excusable neglect. We think the evidence sustained the finding. The fraud alleged was fully proved. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed Jan. 23, 1885.