Filed April 27, 1889.

---

No. 14,730.

CARNEY v. THE STATE.

CRIMINAL LAW.—*Rape.*—*Consent.*—*Reputation for Chastity.*—*Instruction.*— Where, in a prosecution for rape, the defendant claims that the intercourse was with consent, it is material error to instruct the jury that evidence of the bad reputation of the prosecuting witness for chastity was introduced only for the purpose of affecting her credibility as a witness.

From the Clark Circuit Court.

*F. B. Burke* and *A. G. Caruth,* for appellant.

Carney v. The State.

ELLIOTT, C. J.—The evidence upon which the appellant was convicted of the crime of rape is not of a very satisfactory character, although it is probably true that if the sole question were whether we should set aside the verdict on the evidence, we should be compelled to sustain the finding of the jury. But while it may be true that it can not be said that there is no evidence sustaining the verdict, still it is true that there is much evidence, direct and circumstantial, against it, so that the case is one in which the accused was entitled to have the law given to the jury clearly and accurately. It was not so given. One, at least, of the instructions is radically wrong. That instruction is this : " Evidence has been introduced as to the moral character of the prosecuting witness, and as to her reputation for chastity and virtue. You are not to understand from this that a rape can not be committed on a woman of bad moral character. A woman may be a common prostitute and still be the victim of rape. This evidence has been introduced only for the purpose of affecting her credibility as a witness, and as to how far such proof has affected her credibility is for the jury to say, taking all the testimony into consideration."

The accused admitted that he did have sexual intercourse with the witness, but testified that it was with her consent. He introduced a number of witnesses who testified that her reputation for chastity was bad. The principal question was, did the woman consent? Her lack of chastity exerted an important influence upon this question, for the rule is that it is inferable that a courtesan is more likely to consent than a pure woman. Evidence of her unchaste character did more, therefore, than affect her credibility as a witness, for it tended to support the testimony of the accused that she did consent. It affected in a very material manner one of the controlling questions in the case. The court erred in declaring that the evidence was ".introduced only for the purpose of affecting her credibility as a witness." Mr. Bishop says : " This offence may be committed as well on a woman unchaste, or a

common prostitute, as on any other female. In matter of evidence, however, want of chastity may, within recognized limits, be shown as rendering it more probable that she consented." 2 Bishop Crim. Law (7th ed.), section 1119. "To meet the question of assent," says Mr. Wharton, "it may also be shown that she was a common prostitute, or of loose character." 1 Whart. Crim. Law (8th ed.), section 568. Other authorities declare a similar doctrine. Gillett Crim. Law, section 732, and authorities cited. The rule as we have stated it was recognized in *Anderson* v. *State*, 104 Ind. 467.

