Limming *et al.* *v.* Barnett *et al.*

Filed April 27, 1893.

---

No. 16,229.

## LIMMING ET AL. *v.* BARNETT ET AL.

HIGHWAY.—*Fraud in Establishment.*—*Waiver of Fraud.*—*Action to Vacate Order.*—*Not Seasonably Brought.*—A petition to establish a highway was presented to the board of commissioners of the county. A remonstrance was filed thereto, and by agreement between the petitioners and the remonstrators, the case was continued to the next term of commissioners' court, when, upon the performance of certain conditions by the remonstrators (the opening of a private right of way), the petition should be dismissed. The private way was promptly opened, but the petitioners, at the succeeding term of court, represented to the board that the remonstrators had not performed the condition precedent to dismissal, and therefore viewers were appointed, who reported favorably to the establishment of the

highway, and an order was made to that effect. The former re-monstrators filed a petition to vacate the highway, and the former petitioners remonstrated thereto, and, upon viewers being appointed, they reported the highway to be of public utility, and from this last proceeding the petitioners appealed to the circuit court, and after-wards dismissed the appeal. Afterwards, nearly a year after the order was made, the petitioners in the last proceeding brought suit in the circuit court to vacate the order establishing the highway, as having been procured by fraud.

*Held,* that the plaintiffs, by the proceeding to vacate the highway in the manner prescribed by statute, waived the fraud alleged in their complaint.

*Held,* also, that the action to set aside the order was not seasonably brought, being delayed too long after the discovery of the fraud.

JUDGMENT.—*In Rem.*—*Establishing Highway.*—*Parties to.*—A judgment establishing a public highway is a judgment *in rem,* and is not in favor of the petitioners therefor, but is in favor of the **public.**

From the Pulaski Circuit Court.

*B. Borders, F. L. Dukes* and *M. Winfield,* for appellants.

*J. C. Nye* and *R. A. Nye,* for appellees.

COFFEY, C. J.—This was an action in the Pulaski Circuit Court, by the appellants against the appellees, to set aside and vacate an order of the board of commissioners of that county establishing a public highway, upon the alleged grounds that such order was procured by fraud of the appellees. The complaint alleges, substantially, that on the 7th day of February, 1889, the appellee John W. Jones and others filed in the office of the auditor of Pulaski county a petition praying for the location of the public highway therein described, and on the same day filed an affidavit to the effect that notices of the time of presenting said petition had been duly posted; that said proposed highway ran over the lands of the appellants; that on the 5th day of March, 1889, the board of commissioners being in session, and the matter of said petition about to come before it for consideration, the appel-

lant Andrew J. Lemming, acting for himself and the other appellants, prepared a remonstrance against the location of said highway, claiming damages by reason thereof, and setting forth that such proposed highway would not be of public utility, and caused said remonstrance to be signed by the appellants and other persons, and was present ready to present the same to the board when the appellee John W. Jones, and others of the appellees, acting for all the appellees, except the board of commissioners, made and entered into an agreement with the appellants to the effect that the petition be withdrawn and no steps taken to have the highway therein described located, conditioned that the appellants should open up and give to the appellee John W. Jones a right of way, or road, from his land north one fourth of a mile to the public highway running east and west; that the said Jones and others then and there agreed to cause the matter of said petition to be continued, and when said right of way was opened, as agreed by the appellants, to withdraw and dismiss the same; that, upon said agreement, the board of commissioners made an order continuing the matter of said petition until their June term; that the appellants at once opened up a right of way thirty feet wide from the land of said Jones north to the public highway running east and west, and in all things performed in full their part of the agreement; that the said Jones informed the appellants, while they were opening said way, that he would at once withdraw said petition and dismiss the proceedings; that at the June term of said board, Jones, and others of the appellees, acting for and on behalf of all the appellees, represented to the appellants that they had withdrawn and dismissed said proceedings, which representations they believed to be true, and, relying thereon, gave the matter no further attention; that said representation was false and fraud-

ulent, and was made by the appellees for the purpose of cheating and defrauding the appellants, and for the purpose of imposing upon the board of commissioners; that at the June term of said board, the appellees appeared, and falsely and fraudulently, for the purpose of imposing upon the board, represented to it that the appellants had not complied with their said agreement and contract, and that they had failed to open up a right of way for said Jones, and prayed the board to appoint viewers to view said proposed highway, which it did; that at the September term, 1889, of the board, the viewers so appointed reported favorably as to the establishment of the highway, whereupon an order was entered establishing the same; that the appellants did not know of said false and fraudulent representations, nor of the appointment of said viewers, nor of the entry of said order, until after the close of the September term of the board of commissioners, and until after the time for taking an appeal had expired; that the highway is not and will not be of public utility, and that each of the appellants is damaged by the location thereof in the sum of three hundred dollars. Prayer that the order establishing the highway be set aside.

To this complaint the appellees answered, that on the 26th day of November, 1889, the appellants filed in the office of the auditor of Pulaski county their petition, signed by fifteen freeholders of the county, praying for the vacation of the highway described in the complaint; that the petition was presented to the board of commissioners at its December term following, and thereupon viewers were appointed to view the road, who reported that the same was not of public utility; that the appellees appeared and filed a remonstrance, whereupon reviewers were appointed by the board, who reported against the vacation of the highway, which report was

approved by the board; that the appellants appealed said proceeding to the Pulaski Circuit Court, where said appeal was dismissed; that by reason of the premises the appellants have waived all rights growing out of the fraud alleged in the complaint, that they acquiesced in the proceedings of which they complain, and are now estopped from setting up the fraud mentioned in the complaint.

To this answer the court overruled a demurrer, and, the appellants electing to stand by their demurrer, the appellees had judgment for costs.

The appellants assign as error the action of the circuit court in overruling their demurrer to the answer of the appellees above set out.

It is contended by the appellants that the only question for consideration relates to the sufficiency of this answer, while it is contended by the appellees that the demurrer to the answer searches the record and raises the question of the sufficiency of the complaint. It is not controverted by either party that a court of equity possesses the power to set aside a judgment obtained by fraud, but it is contended by the appellees that the rules governing actions in general, for that purpose, have no application to this case, for the reason that the order of the board of commissioners of Pulaski county, establishing the public highway under immediate consideration, vested an easement in the public, and that the appellees now have no interest in such order other or different from that of any other member of the community or citizen of the State; and that a public highway can not be vacated in an action against the petitioners alone who procured the order establishing it.

A judgment obtained by fraud is not void, but voidable only, and is binding until set aside. *Earle* v. *Earle*, 91 Ind. 27.

It has been often held that the title to the public highways, when once established, vests in the public. *Conner* v. *President and Trustees of New Albany*, 1 Blackf. 43; *Miller* v. *City of Indianapolis*, 123 Ind. 196.

It follows, we think, that upon the entry of the order establishing the highway in question, the easement thereby created vested in the public, and the petitioners ceased to have any interest in the matter beyond that possessed by the public in general. It is true, we think, that the board of commissioners might have vacated the order at any time during the term at which it was entered, upon a proper showing; or the appellants might have vacated it, within the time fixed by statute, by an appeal to the circuit court. But whether the appellants can vacate such highway in the manner here attempted, by a suit against the appellees, may well be doubted. This, a judgment *in rem*, is not in favor of the appellees, but in favor of the public. The suit was not commenced until nearly a year after the order was made.

If such highway can be vacated in a suit like this against the petitioners, commenced a year after it is established, why may it not be so vacated at the expiration of five years or any other given period? As the public is not a party to such a suit, how can its interests be affected, in view of the well known rule that a judgment affects only the rights of the parties to the suit?

But assuming, for the sake of the argument, that the complaint states a cause of action, we are of the opinion that the answer states a good defense to it.

It is a well known rule that he who seeks to avoid a judgment for fraud must act promptly upon a discovery of the fraud. *Nicholson* v. *Nicholson*, 113 Ind. 131.

Upon discovery of the alleged fraud, instead of the commencement of an action to set aside the order estab-

lishing the highway for that reason, the appellants commenced the statutory proceeding to vacate it on the ground that it was not of public utility. This proceeding was prosecuted to final determination. This was an emphatic admission of the validity of the order of the board of commissioners establishing the highway.

When defeated in the proceeding to vacate the highway in the manner prescribed by the statute, this suit was commenced. This was not proceeding promptly to avoid the judgment for fraud upon its discovery. By the proceeding to vacate the highway in question, in the manner prescribed by the statute, we think the appellants should be held to have waived the fraud alleged in their complaint.

We do not regard the case of *Overton* v. *Rogers*, 99 Ind. 595, as in point here.

In that case, the question as to whether Rogers had waived the fraud was not presented, but the question involved related to an estoppel by reason of a former adjudication of the matters set up in his complaint.

Public policy requires that these local business transactions, where the public is interested, such as the establishment of public highways and the like, should be closed up speedily, and that parties complaining should be prompt and consistent in their opposition. *Wilder* v. *Hubbell*, 43 Mich. 487.

We are of the opinion that the circuit court did not err in overruling the demurrer of the appellants to the answer of the appellees.

Judgment affirmed.

Filed April 28, 1893.