## COURT OF APPEALS.

### February 2, 1923.

## THE PEOPLE v. JOSEPH DE PAULO.

### (235 N. Y. 39.)

(1) MURDER IN FIRST DEGREE—SUFFICIENCY OF EVIDENCE TO WARRANT CONVICTION.

Testimony introduced on the trial of an indictment framed upon the two-fold theory that a homicide was committed with deliberation and premeditation and also that it was committed while the perpetrators were engaged in the commission of a felony, examined and *held*, although circumstantial, sufficient to permit the jury to find defendant guilty of murder in the first degree upon either theory and that, therefore, the verdict was not against the weight of evidence.

(2) SAME—TESTIMONY OF STATEMENTS OF ALLEGED ACCOMPLICE MADE IN PRESENCE OF DEFENDANT IMPROPERLY RECEIVED WHEN THEIR TRUTH WAS IMMEDIATELY EDNIED BY DEFENDANT.

A statement made in the presence of another charging him with responsibility for a given act and made under such circumstances as enables the party so charged freely to respond, is competent as evidence by way of admission when the party charged does not deny, but by word or act acquiesces in the truth of the statement, but when the charge is immediately and unequivocally denied and the conversation simply develops into an interchange of countercharges, evidence thereof should not be received and the erroneous reception of such testimony cannot be overlooked where the question of guilt is debatable. (People v. Friedman, 205 N. Y. 161, followed and distinguished.)

(3) SAME—IMPROPER STATEMENTS BY DISTRICT ATTORNEY IN PRESENTING CASE TO JURY.

The importance of such error was accentuated where the district

attorney in summing up the case was allowed in substance to criticise the defendant for not placing upon the stand his alleged accomplice with whom the alleged conversation was had, and to state that he, the district attorney, was prevented from putting him upon the stand and that the law did not allow him to put him upon the stand and compel him to testify. This statement was entirely inaccurate and in connection with the criticism mentioned would very likely result in the jury giving great and controlling influence to the unverified statement of defendant's accomplice as the best testimony which could be obtained from him.

(4) SAME.

It was the duty of the trial justice, under section 1041 of the Penal Law, to properly instruct the jury concerning the *corpus delicti*.

(5) SAME—IMPROPER REMARKS BY TRIAL JUSTICE.

Testimony offered to show the standing of a witness as to good character in the community by reference to participation in various public movements might very well have been admitted within the limits attempted and remarks of the trial justice tending to unduly disparage such evidence was improper.

APPEAL from a judgment of the Supreme Court, rendered February 25, 1921, at a Trial Term for the county of Erie, upon a verdict convicting the defendant of the crime of murder in the first degree.

*Bart J. Shanahan,* for appellant. It was error to allow witness Colucci to testify that Semione in the district attorney's office accused defendant of killing the deceased, it appearing that the defendant denied the accusation. (People v. Kennedy, 164 N. Y. 456; People v. Smith, 172 N. Y. 210; People v. Conrow, 200 N. Y. 356; People v. Cascone, 185 N. Y. 317; Poe v. Fraszo, 187 App. Div. 299; People v. Jung Hing, 212 N. Y. 393; People v. Giordiano, 213 N. Y. 575.) It was error for the district attorney by his questions to character witnesses to create an atmosphere prejudicial to the defendant. (People v. Maestry, 167 App. Div. 266; People v. Cascone, 185 N. Y. 317; People v. Freeman, 203 N. Y. 267; People v. Conrow, 200 N. Y. 356.) It was error for the district attorney in sum-

ming up to state·that the prosecution could not call the co-defendant to the stand. (People v. Van Wormer, 175 N. Y. 188.)

*Guy B. Moore, District Attorney* (*Walter F. Hofheins,* of counsel), for respondent. Witness Colucci's testimony as to the conversation in the district attorney's office between appel-lant and Semione was competent. (People v. Friedman, 205 N. Y. 161.)

Hiscock, Ch. J.:

The defendant and one Semione were jointly indicted for the crime of murder in the first degree because, as alleged, they killed one Campagna in the city of Buffalo. The indictment was framed and the case was submitted to the jury upon the two-fold theory that the homicide was committed with deliber-ation and premeditation and also that it was committed while the perpetrators were engaged in the commission of a felony.

The defendant was tried separately and, without summariz-ing all of the evidence which was produced against him, we have reached the conclusion that such testimony, although cir-cumstantial, was sufficient to permit the jury to find him guilty of murder in the first degree on either theory, and that, there-fore, the verdict was not against the weight of evidence. We pass directly to the consideration of errors unfortunately com-mitted which, in our judgment, require a new trial.

Over proper objection and exception the district attorney was permitted to prove that on one occasion the defendant and Semione were brought together in the district attorney's office and that Semione said to the defendant, "You killed him," referring to Campagna, and to which accusation the defendant immediately replied, "You are a liar. You killed him and robbed him." Thus the district attorney was permitted to give the unverified statement of one who concededly witnessed the

killing to the effect that defendant took part in the homicide and which participation the defendant at all times strenuously denied. Under the most elementary rules of evidence this was an error. A statement made in the presence of another charging him with responsibility for a given act and made under such circumstances as enables the party so charged freely to respond, is competent as evidence by way of admission when the party charged does not deny but by word or act acquiesces in the truth of the statement. That was not this case at all. The defendant immediately and unequivocally denied the charge made by Semione and the conversation simply developed into an interchange of counter charges, and the evidence ought not to have been received. (People v. Friedman, 205 N. Y. 161.)

It is true that in the case cited a similar error was overlooked on the ground that it could not have caused any damage to the defendant. But that is not this case. While, as I have stated, we have reached the conclusion that the evidence made a case for a jury in respect of defendant's guilt, the question of such guilt was debatable before the jury and it could not be otherwise than that the case against him would be greatly strengthened by this statement of one who was his companion on the occasion of the homicide.

The importance of the error was accentuated by the conduct of the district attorney in summing up the case. He was allowed in substance to criticise the defendant for not placing upon the stand Semione, and to state that he, the district attorney, was prevented from putting him upon the stand and that the law did not allow him to put him upon the stand and compel him to testify. The conversation between the defendant and Semione which I have quoted sufficiently demonstrates the hostility between the two men and that defendant could not be expected to call the other as a witness. On the other hand, the district attorney was entirely inaccurate in stating that the law did not permit him to place Semione upon the stand. Of course it was true that he could not physically compel him or

anybody else to testify after he was upon the stand, but the plain implication of all that was said was that it was the duty of the defendant and not of the district attorney to call Semione. Under such circumstances it very likely would result that the jury, told that the district attorney could not call Semione as a witness, would give great and controlling influence to his unverified statement as the best testimony which could be obtained from him.

In extenuation of this evidence it is now urged that it was a necessary part of a conversation which was offered for the purpose of establishing as against defendant that robbery was being committed and that, therefore, a homicide would be murder in the first degree even though unintentional. In view of the fact that the district attorney already had the written statement of the defendant that robbery was being committed, and in view of the purposes stated at the time of the admission of the evidence, we are compelled to regard this argument as more ingenious than convincing.

We think various other errors were committed which, although of themselves not sufficient perhaps to call for reversal, did somewhat impair the correctness and fairness of the trial and do add weight to the contention that defendant should have a new trial.

Section 1041 of the Penal Law provides that " No person can be convicted of murder or of manslaughter unless the death of the person alleged to have been killed and the fact of the killing by the defendant, as alleged, are each established as independent facts; the former by direct proof." Through inadvertence the trial justice entirely failed to instruct the jury concerning the *corpus delicti*. Apparently the death of the person alleged to have been killed was assumed and, therefore, we very likely might overlook this error if it stood alone. It was, however, unquestionably the duty of the trial justice under the Code to properly instruct the jury upon this proposition.

The defendant offered some evidence of good character of apparent substance. For the purpose of giving even more importance to it he attempted to show the standing of one of his witnesses in the community by reference to participation in various public movements. The evidence within the limits attempted might very well have been admitted. But even though properly excluded we think that the remarks of the trial justice in ruling upon it tended unduly to disparage this line of evidence which the law has repeatedly declared to be evidence of importance in such a case as this.

For these reasons the judgment of conviction should be reversed and a new trial granted.

HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur; McLAUGHLIN, J., not sitting.

Judgment reversed, etc.