### DIBLEE v. STATE OF INDIANA.

[No. 25,070. Filed July 21, 1931.]

*McMahon & Conroy*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

TRAVIS, J.—Appellant appeals from the judgment upon him, of a fine and imprisonment for not less than five nor more than 21 years in the Indiana Reformatory, upon a verdict that he is guilty of attempted rape of a woman. (Acts 1921 p. 373, ch. 148, §2250 Burns Supp. 1921, §2429 Burns 1926.)

The assigned errors of law are presented by four propositions, the first two of which relate to two instructions to the jury, which were tendered to the court by appellant, and refused; the third related to admission of evidence by appellee over the objection by appellant; and the fourth related to the denial by the court of the

request by appellant that the jury be admonished concerning the law which pertained to the evidence introduced, over appellant's objection, immediately after the objectionable evidence was admitted. This appelpellant's fourth proposition need not be considered or answered, because the same question of law is presented by the second proposition, which relates to one of the requested instructions.

By his first proposition, appellant says the court erred in refusing to give to the jury his requested instruction No. 5, viz.: "Evidence has been introduced as to the moral character of the said Clemencia S. Martinez (the prosecutrix) as to her reputation for chastity. This evidence is competent evidence for two purposes: First, it is evidence for the jury to consider together with all the evidence in this case for the purpose of affecting her credibility as a witness and a circumstance to aid you in determining what weight or credit you would or should attach to her testimony, and

"Second, it is competent evidence for the jury to consider, as a circumstance, together with all of the other evidence in the case, to determine, whether or not said Clemencia S. Martinez, assented or consented, to sexual intercourse, if any was had, and as charged."

The appellant presents the point that, inasmuch as he is charged with the crime of rape upon the prosecuting witness, which act is alleged to have been forcibly done, and against her will, the element of consent was material. The instruction was based upon and concerned the evidence by both parties to the action which appertained to the moral character of the woman upon whom the crime is alleged to have been committed. Answering this proposition, appellee says that the substance of appellant's requested instruction No. 5 was contained in other instructions given by the court to the jury. The instructions so mentioned are general; they

instruct as to the law to determine the weight of the evidence; the right to disregard evidence; the element of force against consent, which must be found from the evidence to have been committed without the woman's consent and against her will; the credibility of witnesses; and last the judgment ought not to be reversed for technical errors which did not prejudice the substantial rights of the defendant. Upon examination of the court's instructions, mentioned by appellee, it appears that none of them refers to the evidence concerning the moral character of the woman, or to her reputation for chastity. None of the court's instructions referred to by appellee presents the law stated by the second part of the requested instruction. But, granting for the sake of appellee's argument, that the first part of the requested instruction was presented to the jury by the court's instructions, inasmuch as the court's instructions were general in character, they could not obviate in law the right of the accused to have given a specific instruction of the law to the jury. *Fahnestock* v. *State* (1864), 23 Ind. 231; *Hipes* v. *State* (1880), 73 Ind. 39, 41; *Anderson* v. *State* (1885), 104 Ind. 467, 471, 4 N. E. 63, 5 N. E. 711; *Dunn* v. *State* (1906), 166 Ind. 694, 701, 702, 78 N. E. 198.

The second part of this instruction pertained to the law of consent to the act. The element of force, against the will of the female person is a material element of the crime charged. Appellant's right is to have a specific instruction given to the jury upon this element and to the evidence pertaining thereto. The evidence upon the point made by the instruction was in sharp conflict. This evidence was a proper subject for a specific instruction which related to it. It was harmful error to refuse the instruction. *Carney* v. *State* (1888), 118 Ind. 525, 21 N. E. 48. This requested instruction had relation to a fundamental element of the crime charged, which

obviates appellee's point under the statute that technical errors ought not to defeat the judgment.   (§2394 Burns 1926.)   *Sutherlin* v. *State* (1897), 148 Ind. 695, 704, 705, 48 N. E. 246.

By his second proposition, appellant says the court erred in refusing to give to the jury his requested instruction No. 6, viz.:   "The jury are instructed that ■ statements of the witness, Clemencia S. Martinez, testified to by a third party in the presence of the defendant, are not evidence of the truth of the facts, if they are facts, stated by such witness or witnesses, but are only competent to explain and account for the defendant's conduct and statements, if any, in response to alleged statements, touching the crime charged, if at all." Appellant and two other young men, Parker and Dunfee, were arrested in the evening of the day the crime is alleged to have been committed, and were taken to the police station.   Later, the prosecutrix, under request by the police officer, in the presence and hearing of the three young men, and in the presence of the chief of police and other police officers, related her story of the alleged crime, to the effect that appellant, with the assistance of Parker and Dunfee, had raped her that day in an automobile, in which she had been riding with them as a gratuitous passenger.   Appellant and the two others were under arrest and in custody of the police officers at the time the prosecutrix related her story of the acts of each of the three.   At the trial, the State was permitted by the court, over appellant's objection, to put in evidence the testimony of one of the police officers, in substance, that he had been present in the evening at the police station at the time the prosecutrix had related the story of the crime in the presence of the three young men, and that her testimony upon the trial of this case of what she had related in the evening at the police station to the officers and in the presence of the three young

men, was the same story she had related on that occasion. The policeman's testimony, under the most liberal application to the elements of the crime charged, could not be received for the purpose to prove that what the prosecutrix said in the evening in the police station was true; he was not present when the alleged crime was committed. As to such proof, his evidence was hearsay. The sole purpose of the policeman's testimony of what was said by the prosecutrix at the time and place mentioned is to prove what she then and there related to be the facts of the commission of the alleged crime; which was admissible to lay a foundation for evidence of the conduct of the accused and his statements in reply to the accusation. The force of such evidence is to prove by the conduct and statements of the accused an admission of a fact or facts so related. The jury were not instructed what the law was concerning the limit of the application of such evidence. It was accused's right to have the jury instructed what the law was applicable to the pleading which charged the crime and to the evidence, and specifically the law of the limitations of evidence, when he so requested. The requested instruction is pertinent to the evidence. It correctly stated the law. The action of the court refusing appellant's requested instruction No. 6 is reversible error. *Rex* v. *Christie* (1914), Law Rep. App. Cas. (Eng.) 545, 553, 554; *Commonwealth* v. *Trefethen* (1892), 157 Mass. 180, 31 N. E. 961, 24 L. R. A. 235, 240; *People* v. *Conrow* (1911), 200 N. Y. 356, 367, 93 N. E. 943; Wharton, Criminal Evidence (10th ed.) §679, p. 1405.

Appellant's third proposition for reversal of the judgment is based upon the admission of evidence over objection. The witness was a police officer. The setting was the police station, after 8 o'clock in the evening. The appellant and the two others were, at the time,

under arrest and in the custody of police officers in the police station. The three young men were brought from the cells in the police station into the office of Chief Bunde, and there, in the presence of Chief Bunde and Police Officers Fandrai and Singer, were confronted by the prosecutrix. The court stated to the police officer witness, "Just state what was said and done by anybody and everybody there." The prisoner's objection is that he was the only defendant on trial, and that he "would not be. bound by any statement or admission, on the theory that it is evidence to show conduct of the defendant as evidence of consciousness of guilt;" and further that defendant "was under arrest and under no obligations to speak, and, at this stage of the evidence, it does not appear whether there was any unequivocal denial." Witness Singer answered, "Mrs. Martinez pointed out the man Dibblee as the man that attacked her; Parker as the man that was driving the car, and Dunfee as the man who attempted to attack her, and then I asked her to relate the whole thing, when it started on Summer Street, to the end, where it finished, and she related the whole story in the presence of the three men. After she got through relating the story, I asked the three men to tell whether it was the truth or not, the story she had told." To the question, "What did Dibblee say," witness answered, "Dibblee said he had nothing to say."

The courts of last resort in the states are not in accord upon the question of competency of evidence to show what was said in the presence and hearing of the one who is charged with a crime, when the one so charged is under arrest and in the custody of the officer or officers who made the arrest, and the accused remains silent, and there is no evidence of accused's conduct during the making of and after the statement of accusation.

*Commonwealth* v. *Kenney* (1847), 12 Metc. (Mass.) 235, 46 Am. Dec. 672.

If the answer made by the police officer in response to the request by the court be competent, it cannot rest upon the acts and conduct of the accused during the time of the making of the statement, for the record discloses no evidence of any acts or conduct by the accused during that period. The accused was not silent, after the prosecutrix made her statement in the police station. This witness, in reply to the question, "What did Dibblee say?" answered, "Dibblee said he had nothing to say." The rule of evidence, adhered to in many jurisdictions, is that statements made by complaining witnesses, and third persons, in the presence and hearing of the one accused of the crime were not competent evidence from which the jury might draw the inference that the accused, by his silence after the statement was made, admitted the facts so stated to be true, if the accused was at that time under arrest. The reasoning upon which the rule is founded is well stated in the reports of cases decided upon review and in the legal treatises. This rule is now adopted by this court. The prisoner's reply is no better foundation upon which to construct an inference of fact than silence. Without further observation, the conclusion impels the decision that the testimony sought by the imperative statement by the court to the witness was incompetent to prove an essential element of the crime for which the prisoner was under arrest, by the admission of facts or of a fact collateral thereto. *Commonwealth* v. *Kenney, supra; Commonwealth* v. *Walker* (1866), 95 Mass. (13 Allen) 570; *Commonwealth* v. *Spiropoulos* (1911), 208 Mass. 71, 94 N. E. 451; *Commonwealth* v. *Gangi* (1923), 243 Mass. 341, 137 N. E. 643; *Commonwealth* v. *Anderson* (1923), 245 Mass. 177, 187, 139 N. E. 436, 439; Underhill, Criminal Evidence (3rd ed.) §§208, 209; II Wharton,

Criminal Evidence (10th ed.) §680; 2 Bishop, New Criminal Procedure §1254; *People* v. *Frasco* (1919), 187 App. Div. 299, 175 N. Y. Supp. 511; *People* v. *Conrow* (1911), 200 N. Y. 356, 93 N. E. 943; *State* v. *Diskin* (1882), 34 La. Ann. 919, 44 Am. Rep. 448; *Ellis* v. *State* (1913), 8 Okla. Crim. 522, 128 Pac. 1095, 43 L. R. A (N. S.) 811; *Vaughan* v. *State* (1911), 70 Okla. Crim. 685, 127 Pac. 264, 42 L. R. A. (N. S.) 889; *Zeller* v. *State* (1931), 123 Ohio St. 519, 176 N. E. 81; *Geiger* v. *State* (1904), 70 Ohio St. 400, 71 N. E. 721.

Appellant, by his third proposition, presents for review the decision of the court overruling his objection to the question, "What did Parker say," asked witness Police Officer Fandrai, after witness testified he was present in the police station March 2, 1925 when Parker, Dibblee (appellant), Dunfee and prosecutrix were there, at which meeting Officer Singer and Chief Bunde asked Parker, Dunfee and Dibblee as to the truth of the statement by the prosecutrix made in their presence. The objection to the question is that Dibblee is the only defendant on trial, and that Dibblee was under arrest at the time prosecutrix made her statement to the police officers in the police station, and that thereby defendant Dibblee would not be bound by any statements or admissions by Parker on the theory that it is evidence to show conduct of the defendant as evidence of consciousness of guilt. Parker and Dunfee were with appellant at the time the alleged crime was committed. This is not a case where Parker and Dunfee, or either of them, were jointly charged with the commission of the crime. There is some evidence that they aided appellant to commit the crime by restraining the prosecutrix. In oral argument upon appellant's third proposition, viz., that appellant could not be bound by any statements made by either Parker or Dunfee, appellee said that the evidence proved that appellant and the other

two were coconspirators, which was ground to sustain the competency of the statement made by Parker at the police station. Parker made his statement in reply to the question by the officer in the police station, which elicited a reply to the statement made by the prosecutrix, his reply was made after the alleged commission of the offense, and after the conspiracy to commit the alleged crime, if any conspiracy was entered into by appellant and Parker. For the sake of considering appellee's point, if it be granted as a fact there was such a conspiracy, any statements or admissions made by Parker after the conspiracy was formed and after the crime was committed were not admissible in evidence to prove an admission by appellant. 2 Bishop, New Criminal Procedure (2nd ed.) §1248 (2); II Wharton, Criminal Evidence (10th ed.) §699. Generally, statements made by prisoners who are jointly indicted and tried together are evidence only against him who makes the statement. Appellant did not deny Parker's statement in reply to the prosecutrix' statement and to the question by the officer. His silence did not, under the circumstances, admit the truthfulness of Parker's reply. It was error to permit Officer Fandrai in reply to the question, to testify what reply Parker made to the statement by the prosecutrix. *Baker* v. *State* (1921), 190 Ind. 385, 129 N. E. 468; *Commonwealth* v. *McDermott* (1877), 123 Mass. 440, 25 Am. Rep. 120; I Roscoe, Criminal Evidence (8th Am. ed.) 83 (*53); *Rex* v. *Christie, supra;* II Wharton, Criminal Evidence (10th ed.) §699; Bicknell, Criminal Practice (Rev. ed. 1871) chap. 4, §4, p. 165; II Bishop, New Criminal Procedure (2nd ed.) §1248 (2); Underhill, Criminal Evidence (3rd ed.) §210, p. 301; *People* v. *Frasco, supra; People* v. *DePaulo* (1923), 235 N. Y. 39, 138 N. E. 498.

After witness Police Officer Singer answered the question, "What did Dibblee say," "Dibblee said he had

nothing to say and Dunfee said some of the story she (prosecutrix) told was the truth," defendant asked the court to admonish the jury that the prosecutrix's statement as related by this witness at the police station, in answer to the question, is no evidence whatever that the story that she did tell the police was true. The court refused the request. If the evidence were competent under the circumstances against the objection under appellant's third proposition, the question of error under the fourth proposition would then become important, which is: Was it error not to admonish the jury immediately upon the introduction of the evidence, as requested? It is here decided that the evidence was not competent to prove an admission by appellant, or a consciousness of guilt. The court could have fully instructed the jury upon the point of law presented in the usual instructions to the jury after the parties rested in the introduction of evidence and argument to the jury. The consideration of the alleged error would rest on the discretion of the court, whether he would admonish, as well as instruct at the close of the trial. Because the evidence ought not to have been admitted over objection, the question of this error is not decided. Overruling the motion for a new trial was erroneous.

It is ordered that the cause be remanded, and that appellant's motion for a new trial be granted.

Judgment reversed.