## PIERCE *v.* GOLDSBERRY.

35 317
137 25

EVIDENCE.—*Admissions.*—If a statement is made in the hearing of one, in regard to facts affecting his rights, and he makes a reply wholly or partially admitting their truth, then the declaration and the reply are both admissible in evidence as his admission.

SAME.—If a statement is made in the hearing of one, in regard to facts affecting his rights, and he makes no reply; if he hears and understands the statement, and comprehends its bearing, and the truth of the facts stated is within his own knowledge, and he is in such a situation that he is at liberty to make a reply, and the statement is made under such circumstances, and by such persons as naturally to call for a reply, if he did not intend to admit it, the statement is admissible in evidence as a tacit admission of the facts.

SAME.—In a suit by A. on a promissory note made by B. and C., where B. makes no defense, and C. appears and makes a separate defense as surety of B., a letter of B. written to A. is inadmissible as evidence against C.

APPEAL from the Tippecanoe Common Pleas.

BUSKIRK, J.—This is the second time this case has been in this court. It will be found reported in 31 Ind. 52. It

was an action on a note brought by the appellee against the appellant and one Thomas W. Loyed. Pierce made a separate defense. His answer consisted of three paragraphs. The first paragraph was withdrawn. The court sustained a demurrer to the second and third paragraphs of the separate answer of Pierce, and the case was appealed to this court, and the only error assigned was upon the action of the court in sustaining a demurrer to the answer of this appellant. The substance of these paragraphs was, that Pierce executed the note as the surety of his co-defendant Loyed, as was well known to the appellee; that after the maturity of the note, the appellee, without the knowledge and consent of the appellant, made an oral contract with the said Loyed, whereby the appellee, in consideration of the agreement of the said Loyed to pay him ten per cent. interest on the said note, agreed to and did extend the time of the payment of the said note for the period of ten days.

This court reversed the ruling of the court below, and held that the matters alleged in the second and third paragraphs of the separate answer of Pierce constituted a valid defense to the action on the part of the said Pierce.

The cause was remanded, and the court below, in obedience to the order of this court, overruled the demurrer to the answer, to which the appellee replied by a denial.

The cause was tried by a jury, resulting in a verdict for the plaintiff. The appellant made a motion for a new trial, which was overruled, and an exception was taken.

The principal errors relied upon are the admission of incompetent and the exclusion of competent evidence.

We will first consider the question of whether the court excluded legal and competent evidence. The appellant was examined as a witness. During his examination in chief, two questions were asked him and objected to by the appellee, which objection was sustained, and the evidence was excluded; to which ruling the appellant excepted. The exception is properly presented by bills of exception.

A proper understanding of the questions asked and ex-

Pierce *v.* Goldsberry.

cluded renders it necessary that we should give the substance of the testimony of the appellant down to the point where the questions were asked.

The appellant testified that he had executed the note in suit, as the surety of Loyed; that the first intimation he had that the note was unpaid was in the summer of 1869, more than two years after its maturity; that he received this information from Loyed, who was then residing at Lebanon, in Boone county, Indiana, and called upon him at his office in Lafayette; that Goldsberry afterwards called upon him, at the same place, and spoke to him about the note being unpaid; that he then stated to Goldsberry, that he had been informed by Loyed that when he had paid fifty dollars on the note, it had been agreed between him and Goldsberry, that he was to retain the balance of the money, and was to pay ten per cent. interest thereon, and that Goldsberry had agreed to give him thirty days notice before he should be liable to pay the balance due on said note.

He further testified, that he then told Goldsberry that he thought he had treated him badly, and asked him why he had done this, to which Goldsberry replied, that he had had all confidence in Loyed, to which he had answered that he hoped he would continue to have confidence in him; that he then stated to Goldsberry that he thought he had been released from all liability on the note by reason of his, Goldberry's, agreeing to extend the time of payment, and that he would leave the question to any lawyer, and if he was either legally or morally bound, he would pay the note; that they then went up to the law office of Mr. Davidson, to make their statement of the facts and to get his opinion upon the question of liability; that he, the appellant, did the most of the talking, and stated to Mr. Davidson, in the presence and hearing of Mr. Goldsberry, just the facts that he had testified to, as having been told him by Loyed and as he had stated them to Goldsberry before going to the office of Davidson; and that Goldsberry did not make any particular statement to Davidson, but permitted him to do the talking.

At this point, the appellant's counsel asked him the follow-ing question: "What, if anything, did the plaintiff say dur-ing the time you were making your statement to Mr. David-son, or after you had finished it?"

The appellee objected to this question, and the objection was by the court sustained, and the evidence excluded, to which an exception was then taken. The appellant's coun-sel then asked him the following question:

"What objection, if any, did the plaintiff, Goldsberry, make to the statements so made by you to Mr. Davidson? State fully how he acted, and what exception, if any, he took to your statement." This question was also objected to, the objection sustained, and the evidence excluded, to which rul-ing an exception was then taken.

Was the above evidence competent and admissible? The sole controversy in the case was whether Goldsberry had ex-tended the time of payment, upon a sufficient consideration, and without the knowledge or consent of the appellant, the surety. Goldsberry and Pierce met and conversed about the note. Pierce related to Goldsberry what Loyed had told him about the extension of time; they differed as to the law, and agreed to leave it to a lawyer; they went to his office, where Pierce, in the presence and hearing of Goldsberry, stated to Mr. Davidson what the facts were as he had learned them from Loyed and Goldsberry. The question is then asked, what did Mr. Goldsberry say or do? did he admit that the facts as stated by Pierce were true? or did he con-tradict the statement of facts made by Pierce and make one of his own? or did he remain silent? All of these matters were embraced in the two questions. If he admitted that the statement of facts made by Pierce was correct, such admission would be evidence against him, though not con-clusive; if he denied the truth of the statement made by Pierce, such denial would be evidence in his favor and would tend to weaken the statement made by Pierce; if he made a statement of facts, such statement would have been admis-sible, and it would have been for the jury to determine

which was true; or if he remained silent under such circumstances as made it his duty to speak, then such silence would have been an implied admission of the truth of the statement made by Pierce.

Greenleaf states the rule thus: "Admissions may also be implied from the acquiescence of the party. But acquiescence, to have the effect of an admission, must exhibit some act of the mind, and amount to voluntary demeanor or conduct of the party. And whether it is acquiescence in the conduct or in the language of others, it must plainly appear that such conduct was fully known, or the language fully understood by the party, before any inference can be drawn from his passiveness or silence. The circumstances, too, must be not only such as afforded him an opportunity to act or to speak, but such also as would properly and naturally call for some action or reply from men similarly situated." Greenl. Ev. 237, 238, sec. 197.

" The delarations of one party and the replies of the other, in a conversation had between the two, are evidence when proved in a cause. The jury may believe those of the one side and reject those of the other, if they, from all the circumstances, believe the one to be true and the other untrue." *Ball* v. *Clark*, 15 Ind. 370.

" To affect a party by evidence that a statement was made in his presence which he did not deny, the circumstances must appear to be such as called on him for a denial, if the statement was untrue." *Allen* v. *McKean*, 1 Sumner, 276, 313; *Carr* v. *Hilton*, 1 Curtis C. C. 390; *Commonwealth* v. *Kenney*, 12 Met. 235; *Melen* v. *Andrews*, 1 Moody & M. 336.

In *Commonwealth* v. *Kenney, supra*, the court say: " It depends on this: If a statement is made in the hearing of another, in regard to facts affecting his rights, and he makes a reply, wholly or partially admitting their truth, then the declaration and the reply are both admissible; the reply, because it is the act of the party, who will not be presumed

to admit anything affecting his own interest or his own rights, unless compelled to it by the force of truth; and the declaration, because it may give meaning and effect to the reply. In some cases where a similar declaration is made in one's hearing, and he makes no reply, it may be a tacit admission of the facts. But this depends on two facts; first, whether he hears and understands the statement, and comprehends its bearing; and secondly, whether the truth of the facts embraced in the statement is within his own knowledge or not; whether he is in such a situation that he is at liberty to make any reply; and whether the statement is made under such circumstances, and by such persons, as naturally to call for a reply, if he did not intend to admit it."

These authorities are directly in point and are decisive of the question. No one can doubt that Goldsberry heard and understood what was said by Pierce, or that he was properly and naturally and by the highest considerations called upon and required to speak. The evidence should have gone to the jury.

We are next to consider whether the court erred in the admission of illegal and incompetent evidence. The court admitted in evidence over the objection of the appellant a letter that purported to have been written by Loyed, the principal in the note, to Goldsberry. Goldsberry stated that he had received the letter through the post office, from Loyed. There was no evidence that the letter was in the hand writing of Loyed, or that it bore the post marks, or was received in due course of mail. But there was a more serious objection to the admissibility of this letter than proof of its identity. Process was issued, but not served on Loyed; he did not appear in person or by attorney; he made no defense to the note. His declarations whether made on the street, or in a letter, were inadmissible against the appellant.

The court erred in the admission of such evidence.

The judgment is reversed, with costs, and the cause is remanded, with directions to the court below to grant a new

trial, and for further proceedings not inconsistent with this opinion.

*Wallace & Hiett*, for appellant.