KERN *v.* STATE OF INDIANA.

[No. 29,380.   Filed September 17, 1957.]

*William H. Sparrenberger,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Robert M. O'Mahoney,* Deputy Attorneys General, for appellee.

EMMERT, J.—This is an appeal, in *forma pauperis,* from a judgment on a verdict finding appellant guilty of robbery as charged in the first count of an affidavit, for which he was sentenced to the Indiana Reformatory for a term not less than 10 nor more than 25 years, and disfranchised for 10 years. Appellant's counsel on appeal did not represent him at the trial, nor file his motion for new trial. The error assigned here is the overruling of the motion for a new trial. The argument section of appellant's original brief only presents two causes for a new trial: (1) refusal to give appellant's requested instruction No. 2, and (2) failure to grant a new trial because of newly discovered evidence; hence all other errors have been waived. Rule 2-17(f).

The first count of the affidavit charged that Paul Joseph Brown and appellant, on or about the 14th day of November, 1954, robbed Abram [Peg] Fournace of the sum of $3.00 in money being then in his possession. Brown and the appellant were tried together, but represented by separate counsel, and the verdicts found each guilty. Appellant testified as a witness in his own behalf, but Brown did not.

It is not necessary to make any detailed statement of the evidence, but it is sufficient to note that the jury was warranted in finding that on the early morning of November 14, 1954, Brown and appellant, in company with Joan Ruth Crafton and Marie Fulton, drove in

146

appellant's car to an alley named Hudson Street, about two and one-half blocks north of the home of Abram Fournace at 1226 North Alabama Street in the City of Indianapolis, and there parked the car. Marie Fulton took the two men to the door of Fournace and went back to the car. Brown and appellant broke in the door, robbed "Peg" Fournace, Brown hitting him over the head with a tire wrench and causing an extended scalp wound. Both men fled and were later arrested. Officers Pearsey and Beisel discovered the car about 1:34 o'clock A. M. near where it had been parked, talked to Marie Fulton and Joan Crafton, arrested the latter, and had the car taken to police headquarters.

When the time for trial came, Marie Fulton had disappeared and the police were unable to locate her, but Joan Crafton testified as a witness for the State. The evening of November 16th, officer Myron Partlow had appellant, Joan Crafton and Marie Fulton together at police headquarters for questioning, at which time Marie Fulton told her part in the robbery, to which appellant said, "she was lying." Appellant made no objection to this testimony on the ground appellant's denial constituted no admission on his part, or that the officer's testimony was hearsay. The same officer testified that a few days later at police headquarters he had Marie Fulton, appellant and Paul Brown present when she repeated approximately the same story, and that Brown said, "she was lying to save her own skin." The record does not disclose appellant said anything in answer to her second accusations, but appellant's counsel made no objection of any kind to this evidence.

Appellant's requested instruction No. 2 in substance would have told the jury that if the defendants denied

the accusations while in custody, the testimony as to them would be incompetent hearsay and the jury would be justified in ignoring such evidence. The rule is now well settled that if an accused be in custody when such accusations of guilt are made in his presence, he is under no duty to deny them and his silence is not to be taken as an admission against him, and it is reversible error to admit such evidence over objection. *Diblee* v. *State* (1931), 202 Ind. 571, 579, 581, 177 N. E. 261. If the charge be denied, it is not an admission by the accused. *Rickman* v. *State* (1952), 230 Ind. 262, 103 N. E. 2d 207. See also *Diamond* v. *State* (1924), 195 Ind. 285, 294, 144 N. E. 466; 4 Wigmore, Evidence (3rd Ed.), §1072(5), p. 88.[1]

Since the statements made by Marie Fulton did not become a part of any admission by appellant, they were hearsay admitted without proper objection. However, the statements were relevant, and if Marie Fulton had been a witness and testified to the same facts and conversations, her testimony alone would have been sufficient to prove Brown and appellant were the robbers. "A party who permits incompetent evidence on a material issue to be introduced without objection can not be heard to say on appeal that it should not be considered in determining if the

1. In civil causes the rule is, "If statements are made in the presence and hearing of a person, affecting his rights, and under such circumstances as call for a reply, what he said, or if he failed to say anything, may be proven as in the nature of an admission. *Pierce* v. *Goldsberry*, 35 Ind. 317; *Pruett* v. *Beard*, 86 Ind. 104; *Surber* v. *State*, 99 Ind. 71; *Broyles* v. *State ex rel.*, 47 Ind. 251; *Conway* v. *State*, 118 Ind. 482." *Springer, by Next Friend* v. *Byram* (1894), 137 Ind. 15, 25, 36 N. E. 361, 23 L. R. A. 244, 45 Am. St. Rep. 159.

"It would seem to be better to rule at least that any statement made in the party's presence and hearing is receivable, *unless* he can show that he lacked either the opportunity or the motive to deny its correctness; thus placing upon the opponent of the evidence the burden of showing to the judge its impropriety." 4 Wigmore, Evidence (3d Ed.), §1071, p. 74.

finding is supported by the evidence. Its probative value, when so admitted, is for the court or jury to determine, notwithstanding such evidence might have been excluded if proper and timely objection had been made. This rule has been applied to hearsay and secondary evidence, as well as to evidence rendered incompetent for other reasons. *Suit* v. *Hershman* (1918), 66 Ind. App. 388, 391, 118 N. E. 310." *Klingler* v. *Ottinger* (1939), 216 Ind. 9, 17, 22 N. E. 2d 805. See also *Chicago District, etc., Corp.* v. *Evans* (1946), 117 Ind. App. 280, 288, 69 N. E. 2d 627, and authorities therein cited. Therefore, there was no error in refusing this instruction.

The verdict was returned on June 30, 1955, and on July 29th the defendant Brown executed the following affidavit:

"My name is Paul Joseph Brown, and I am now confined in the Indiana State Reformatory. I now confess that I committed the crime of Robbery charged in the affidavit filed against me being cause No. Cr 12860-Y.

"Charles Richard Kern was not with me on this Robbery and he is not guilty.

"I made this affidavit on my own free will and without coercion or promise of reward."

Appellant assigns this as cause for a new trial under the 8th subsection of §9-1903, Burns' 1956 Replacement.[2]

Appellant and Brown both filed notice of the defense of alibi and introduced evidence in support thereof. Also, they presented one Charles Phillips, a prisoner at the Indiana Reformatory, who testified he and another unnamed boy committed the

2. "Eighth. Newly discovered evidence, material for the defendant, which he could not, with reasonable diligence, have discovered and produced at the trial." Section 9-1903, Burns' 1956 Replacement.

robbery, and neither appellant nor Brown had anything to do with the offense. In view of all the evidence in the record, it does not appear to us that Brown's testimony on a new trial would change the result. "Newly-discovered evidence, to warrant granting a new trial, in the legal discretion of the trial court, must be so convincing, that it is probable, that if given in evidence upon a retrial of the cause, a verdict of acquittal would result." *Bruce* v. *State* (1927), 199 Ind. 489, 499, 158 N. E. 480.

There was no error in overruling appellant's motion for a new trial.

Judgment affirmed.

Arterburn, C. J., Achor, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 144 N. E. 2d 705.