THOMAS ET AL. *v.* STATE OF INDIANA.

[No. 29,423. Filed January 24, 1958.]

*Thomas J. Faulconer, III,* of Indianapolis, for appellants.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

EMMERT, C. J.—This is an appeal from a judgment

entered on a finding by the court that appellants were guilty of robbery as charged in an affidavit, and that each be imprisoned in the Indiana State Prison for not less than 10 nor more than 25 years. The error assigned here is the overruling of appellants' motion for a new trial.

The motion for a new trial challenged the admission of certain evidence received, after overruling proper objections, which detailed conversations had by one Harold Shaffer, a witness for the State. The conversations occurred at the county jail when the appellants were in custody and present in a line-up to permit Shaffer to identify them. Some of the statements were made out of the hearing of the appellants, but neither appellant at any time made any answer to or admission concerning any of the statements.

Recently we had occasion to consider the admissibility of testimony concerning statements made in the presence of an accused when he is in custody. In *Kern* v. *State* (1957), 237 Ind. 144, 144 N. E. 2d 705, 706, we held: "The rule is now well settled that if an accused be in custody when such accusations of guilt are made in his presence, he is under no duty to deny them and his silence is not to be taken as an admission against him, and it is reversible error to admit such evidence over objection. *Diblee* v. *State* (1931), 202 Ind. 571, 579, 581, 177 N. E. 261. If the charge be denied, it is not an admission by the accused. *Rickman* v. *State* (1952), 230 Ind. 262, 103 N. E. 2d 207. See also *Diamond* v. *State* (1924), 195 Ind. 285, 294, 144 N. E. 466; 4 Wigmore, Evidence (3rd Ed.) §1072(5), p. 81."[1] See also *Thompson* v.

---

1. In note number 1 to this opinion we stated the rule as to conversations had with a party in a civil cause. *Kern* v. *State* (1957), 237 Ind. 144, 144 N. E. 2d 705, 706.

*State* (1944), 223 Ind. 39, 58 N. E. 2d 111; *Jacoby* v. *State* (1932), 203 Ind. 321, 180 N. E. 179. It was error to admit this testimony.

There is no merit to the State's contention that the court's ruling in admitting this evidence was not reversible error since the cause was being tried before a judge without the intervention of a jury. The admission or rejection of evidence is not a matter of judicial grace; it is a matter of legal right, whether the case be tried by a judge or by a jury. Judicial discretion, a term often loosely used, does not authorize the judge to make one kind of law for one case and another for a different case. As Dean Wigmore, in his treatise on Evidence observed, "Now *Discretion,* in this strict sense, is by our law not conceded to any trial judge on points or evidence, except perhaps in 'ex parte' and interlocutory proceedings. The whole spirit of our law requires the observance of precedents. The propriety of improving our system in this respect is a large question, which need not be here opened; the tenor of our law is plain. It is in this view that the following utterances were made:

"1824, TAYLOR, C. J., in *State* v. *Candler,* 3 Hawks 398: 'The superiority of our law [of evidence] consists in its laying down the rule, with its proper exceptions and limitations, and leaving nothing to the discretion of the Court.'

"1867, SAWYER, J., in *People* v. *Farrell,* 31 Cal. 584 (the trial judge had declared that the rules of evidence were to an extent flexible: this the Supreme Court repudiated) : 'If the law had really established certain rules of evidence, the Court, as we conceive, is bound to adhere to them, not only "in all ordinary cases," but in *all* cases and such rules cannot properly be bent when

they come in contact with what may seem to the Court or jury in the particular case in hand to be "reason and justice, so as to suit the case to which they are to be applied." ' " 1 Wigmore, Evidence (3rd Ed.) §16, p. 310.

Appellants had filed a notice of alibi pursuant to §§9-1631 to 9-1633, Burns' 1956 Replacement. The State takes the position this was an intent to impeach the testimony of the prosecuting witnesses in advance. This position is untenable. When an accused files a notice of alibi he is in fact complying with a statutory condition precedent to the introduction of evidence on the question of alibi. Appellants had entered a plea of not guilty. In such a case compliance with the alibi statute was all that was required to entitle the appellants to introduce evidence on that issue.[2] Compliance with the alibi statute did not constitute evidence in any sense of the term, and testimony establishing an alibi would no doubt contradict identification evidence by the State, but it need not necessarily impeach any of the State's witnesses.

It was error to admit the testimony of one Edward L. Clark, witness for the State, who testified as to the statements a Mr. Warrick made in the presence of the appellants when in custody concerning a gun. Appellants made no admissions at the time, and under

---

2. "Under §9-1132, Burns' 1942 Replacement, appellant could have specially pleaded the defense of alibi, but when he did not, as was the case here, the defense was, as a matter of law, in issue under a plea of not guilty. Chapter 228 of the 1935 Acts does not provide as to the manner of making of issues, but it does establish rules for both the accused and the State as to the introduction of evidence concerning an alibi. See *Pearman* v. *State* (1954), 233 Ind. 111, 117 N. E. 2d 362. We find no error in the court's preliminary instructions under Rule 1-7A." *Woods* v. *State* (1954), 233 Ind. 320, 322, 119 N. E. 2d 558. See also 30 Ind. Law Jl. 106 *et seq.*

*Kern* v. *State* (1957), 237 Ind. 144, 144 N. E. 2d 705, *supra,* the court's ruling was error:

Judgment reversed and new trial ordered.

Bobbitt, Landis, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 147 N. E. 2d 577.