AMOS R. GILMAN *v*. STATE OF INDIANA.

[No. 1171S336.  Filed June 1, 1972.]

*Sidney R. Lindsey,* of Rockport, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

HUNTER, J.—This is an appeal by Amos R. Gilman, appellant (defendant below), from a conviction for Assault and Battery with Intent to Gratify Sexual Desires. On December 29, 1970, appellant was charged by affidavit with violation of IC 1971, 35-1-54-4 (Ind. Ann. Stat. § 10-403 [1971 Supp.]) to which, on March 19, 1971, appellant entered a plea of not guilty. Trial to the court commenced on June 11, 1971 and appellant was found guilty as charged. He was sentenced to the Indiana State Prison for a term of not less than one (1) year nor more than five (5) years. Appellant filed a Motion to Correct Errors which was overruled on August 26, 1971, and this appeal followed.

The only issue raised in this appeal is whether it was erroneous for the trial court to allow the introduction of evidence of appellant's previous sodomy conviction in its case in chief. In this case, appellant, a forty-eight (48) year old man, allegedly lured a twelve (12) year old boy into his car, drove to an isolated spot, and committed the act of fellatio upon him. Thus, although appellant was not charged with sodomy, the nature of the offense was the same as that of sodomy.

It is now clearly established that in a prosecution for a sex crime it is admissible to introduce evidence of prior similar sex offenses as evidence tending to show a depraved sexual instinct. *Miller* v. *State* (1971), 256 Ind. 296, 268 N. E.

2d 299; *Kerlin* v. *State* (1970), 255 Ind. 420, 265 N. E. 2d 22; *Woods* v. *State* (1968), 250 Ind. 132, 235 N. E. 2d 479; *Lamar* v. *State* (1964), 245 Ind. 104, 195 N. E. 2d 98; *Borolos* v. *State* (1924), 194 Ind. 469, 143 N. E. 360. The prior conviction was for the offense of sodomy and the facts of this case involve a similar offense. It was therefore not erroneous to admit evidence of the prior conviction in this instance, and the judgment of the trial court must be affirmed.

Judgment affirmed.

Arterburn, C. J., and Givan, J., concur, Prentice, J., dissents with opinion in which DeBruler, J., concurs; DeBruler, J., also dissents with separate opinion.

### DISSENTING OPINION

DEBRULER, J.—I would order this appellant to be tried again without any reference to his prior crime. I continue firm in my belief that evidence of other crimes is inadmissible when it merely attempts to show a predisposition to commit a crime. Calling this prior crime evidence of a "depraved sexual instinct", whatever that phrase means in modern terminology, does not make this highly prejudicial evidence relevant in any manner to the case at bar. See my dissents in *Kerlin* v. *State* (1970), 255 Ind. 420, 265 N. E. 2d 22, and in *Miller* v. *State* (1971), 256 Ind. 296, 268 N. E. 2d 299.

### DISSENTING OPINION

PRENTICE, J.—I dissent from the opinion of the majority herein for the reasons expressed in my dissenting opinion in *Miller* v. *State* (1971), 256 Ind. 296, 268 N. E. 2d 299, the relevant portion of which is as follows:

"The general rule in Indiana for the admission of evidence of separate, independent and distinct crimes in establishing the guilt of a defendant is that such evidence is inadmissible except when relevant to show: (1) Intent, (2) Motive, (3) Purpose, (4) Identification, (5) Common

scheme or plan. Watts v. State (1950), 229 Ind. 80, 95 N. E. 2d 570, and cases there cited.

It has been held that the above rule does not apply where the chief element of the offense is illicit intercourse between the sexes, and that such evidence of prior and subsequent acts is admissible subject to exclusion in the discretion of the trial court for remoteness. State v. Robbins (1943), 221 Ind. 125, 46 N. E. 2d 691.

However, this Court in 1968, by unanimous opinion written by Judge Lewis, relying principally upon Lovely v. United States (1948), Cir. Ct. of Appeals, 4th Cir., 169 F. 2d 386, determined that an individual on trial for a sexual offense should be afforded the same evidentiary safeguards against irrelevant prejudicial testimony as an individual on trial for any other felony. Meeks v. State (1968), 249 Ind. 659, 234 N. E. 2d 629.

The majority opinion dismisses the *Meeks* case (supra) with the comment that the only issue therein was one of consent, the sexual act having been admitted. I fail to see where this removes the case at bar from the rule. The evidence of the prior alleged offense in no way shows any of the five elements above enumerated and should have been excluded." 268 N. E. 2d at 302-03.

The majority opinion clearly illustrates the cause of Judge Lewis' fears, expressed in *Meeks* v. *State, supra* as follows:

"The rule now being, if an individual is on trial for a crime involving abnormal sexual intercourse, evidence of other improper acts of sexual intimacy are always admissible. We believe that this can be a dangerous situation. *An individual on trial for a sexual offense should be afforded the same evidentiary safeguards against irrelevant prejudicial testimony as an individual on trial for another felony.*" (Emphasis ours) 249 Ind. at 664.

Judge Lewis' concern was well founded, for this Court has now, by the majority opinion herein, extended the exception to the exclusionary rule to permit evidence of prior sex offenses in trials for crimes other than sex offenses. Although the appellant was convicted of assault and battery with intent to gratify sexual desires, simple assault and assault and battery are included offenses. Can we in honesty say that evidence of a prior sex offense would be unlikely to produce a

conviction of one of the lesser included offenses, although the other evidence be but slight and unconvincing? More alarming are the prospects of a conviction of a former offender upon a charge of assault and battery with intent to gratify with a substantial evidence of nothing more than a simple assault. We must acknowledge that great prejudice exists in our society against persons who are either known to be or suspected of being sexual deviates. Our function is to protect, to the extent possible, the accused from all prejudices, even those we know to be held by the majority.

Although there are instances where the improper allowance of evidence of another offense has been held to be harmless, the general rule is that such error is prejudicial. 9 I.L.E. 128, *Criminal Law* § 887. The case at bar does not fall under the recognized exceptions. Thus, although there is in the record abundant competent and properly admitted evidence of the defendant's guilt, in my opinion, this error compels reversal. This, notwithstanding that the case was tried to the court. In *Thomas et al.* v. *State* (1957), 237 Ind. 537, 147 N. E. 2d 577, we held that there was no merit to the State's contention that the court's ruling in admitting certain evidence was not reversible error since the cause was being tried before a judge without the intervention of a jury. "The admission or rejection of evidence" it was said, "is not a matter of judicial grace; it is a matter of legal right, whether the case be tried by a judge or by a jury. Judicial discretion, a term often loosely used, does not authorize the judge to make one kind of law for one case and another for a different case." 237 Ind. at 539. Also see 1 Wigmore, Evidence 3rd Ed. § 16, p. 310 and cases were cited.

For the reasons above set forth, I would reverse.

DeBruler, J., concurs.

NOTE.—Reported in 282 N. E. 2d 816.