JOE L. JOHNSON *v.* STATE OF INDIANA.

[No. 2-874A191. Filed April 24, 1975.]

*George T. Popcheff*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Russell W. Sims*, Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Joe L. Johnson has taken this appeal from his convictions of carrying a pistol without a license and possession of heroin.

An examination of the evidence most favorable to the State discloses that on the night of April 10, 1972, Officer Kenneth Goff of the Indianapolis Police Department and his partner, Officer Blackwell, had a known prostitute under surveillance. Officer Goff testified that he previously had conversations with the prostitute, one Jennifer Hilton, in

which she had informed him "that she would rob people." Officer Goff observed the woman as she was "attempting to wave cars down" and decided to place her under arrest for loitering. At such time, the officer observed an automobile owned by one William P. Jones come to a stop and watched as the prostitute entered the vehicle. Officer Goff subsequently detained the automobile and approached it on foot with caution. He testified that he was aware of the presence of three persons in the vehicle, but was, with the aid of a spotlight, only able to observe two. As the officer approached, his attention was drawn to appellant-Johnson, who at the time was seated on the passenger side in the front of the automobile. Officer Goff testified that he observed Johnson make "arm movements and turning movements toward the seat" and concluded that Johnson was attempting to hide something under the seat. Officer Goff thereupon "ordered everybody out of the car." After three individuals exited from the automobile, the officers shined a flashlight into the interior of the vehicle and observed "little squares of tinfoil" commonly known as "bindles" and a sifter which had spilled out of a paper sack onto the floor on the passenger side in the area of the front seat. Officer Goff testified that upon noticing the tinfoil he stated, "there's probably some dope right there." He further stated that he believed the equipment which he discovered was used for "[w]rapping up narcotics", in particular, heroin, and that "from where he [appellant] was sitting, his feet would have to had been right on top of it." The officer then decided "to check that car again * * * because it looked like an awful lot of movement up there, awful lot of pushing * * *." Upon placing his hand "down in the seat, the front seat, right where he'd been sitting, and over close to the door, * * * probably one-fourth of the distance over the seat from the door", Officer Goff could feel metal which he thought to be a gun, but was unable to "get ahold of it." Officer Blackwell thereafter succeeded in extricating "a nickel plated .38 Special" from the seat. Simultaneously, "a cigarette pack popped out too."

Officer Goff discovered that the cigarette package contained "white powdery stuff, some kind of narcotic." A field test later revealed a positive reaction for heroin.

Appellant contends that his motion to suppress evidence recovered from the automobile was erroneously denied for the reason that there was no probable cause for the initial stopping of the vehicle; that the warrantless search of Jones' automobile was unreasonable under the Fourth Amendment; and that there was no evidence that he was in possession of any articles recovered from the vehicle.

When a defendant files a motion to suppress evidence acquired without a warrant, the burden falls upon the State at the pretrial or in-trial hearing on the motion to show that the police action which resulted in the seizure fell within one of the exceptions to the requirement that a warrant be obtained prior to the search. *Chambers* v. *Maroney* (1970), 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; *Vale* v. *Louisiana* (1970), 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409; *Chimel* v. *California* (1969), 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685; *Ludlow* v. *State* (1974), 262 Ind. 266, 314 N.E.2d 750; *State* v. *Smithers* (1971), 256 Ind. 512, 269 N.E.2d 874.

At the in-trial hearing, the evidence revealed that the officers had Jennifer Hilton under surveillance, inasmuch as she was a known prostitute with a known propensity for robbing her customers. After observing Hilton attempting to wave down cars, Officer Goff decided to arrest her for loitering. Officer Goff testified it was at that time that they observed her entering the backseat of Jones' automobile.

In light of the above, it must be concluded that Officers Goff and Blackwell had knowledge of sufficient facts and circumstances to warrant prudent men of reasonable caution to believe that Hilton had committed or was committing an offense. *Smith* v. *State* (1971), 256 Ind. 603, 271 N.E.2d 133; *Williams* v. *State* (1969), 253 Ind. 316, 253 N.E.2d 242. Since the officers had probable cause to believe that Hilton

had committed or was committing an offense, the stop of Jones' vehicle was justified. See: *Williams* v. *State* (1974), 261 Ind. 547, 307 N.E.2d 457; *Luckett* v. *State* (1972), 259 Ind. 174, 284 N.E.2d 738; *Bonds* v. *State* (1973), 158 Ind. App. 579, 303 N.E.2d 686 (transfer denied).

Once it has been determined that the police officers were justified in stopping the vehicle, the question becomes one of whether they were justified in conducting a warrantless search of the automobile and in seizing the evidence which they discovered therein. Prior to the defendant's in-trial motion to suppress, evidence had been adduced which revealed that Officer Goff had noticed that a paper sack had spilled on the floor on the passenger side of the vehicle. Officer Goff testified that he observed small tinfoil squares, commonly known as "bindles" and also observed an instrument commonly known as a "sifter." The officer's testimony further indicates an awareness on his part at the time of the discovery of such items that they were associated with the presence of narcotics.

It is fundamental that evidence which is observed in plain view by an officer rightfully in a position to have such a view is not regarded as having been discovered through a search. *Alcorn* v. *State* (1970), 255 Ind. 491, 265 N.E.2d 413; *Bonds* v. *State, supra.*

Needless to say, a detached judicial determination of probable cause is the Fourth Amendment safeguard against unreasonable searches and seizures. However, an exception to this requirement is made in cases in which exigent circumstances mandate an immediate and on-the-spot response on the part of law enforcement officers. *Ludlow* v. *State, supra.* If an automobile is involved, exigent circumstances are implied from the possibility of easy removal of evidence from the jurisdiction. *Chambers* v. *Maroney, supra; Frasier* v. *State* (1974), 262 Ind. 59, 312 N.E.2d 77; *Luckett* v. *State, supra; Bonds* v. *State, supra.*

In *Sizemore* v. *State* (1974), 159 Ind. App. 549, at 557,

308 N.E.2d 400, at 405 (transfer denied), this court stated that,

"The exigent circumstances existing in such a case permit a search of the entire automobile without regard to the officer's safety or the possible destruction of evidence *in the presence of probable cause to believe that seizable items are contained therein.* See Carroll v. United States (1925), 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543." (Emphasis supplied.)

We must conclude that the State sustained its burden of demonstrating that the police action fell within a recognized exception to the warrant requirement.

As to the question of whether defendant-appellant Johnson was shown to have been in possession of the pistol and heroin, the evidence hereinabove recounted in greater detail, revealed that as Officer Goff was approaching the stopped vehicle he observed appellant making motions with his arms and shoulders as if he were attempting to conceal something under the front seat. Officer Goff testified that the gun was found "[w]here he [appellant] was sitting, he'd been sitting right on top of it. I mean he'd been right there, it had been right behind his hip, right straight down." Further testimony revealed that the cigarette package which was later found to contain heroin was extracted from the seat by the removal of the pistol, thus indicating that it was located in the same place as the weapon. The location of the seized evidence in conjunction with appellant's arm and shoulder movements is circumstantial evidence from which the care, management and control over the articles may reasonably be inferred.

In *Phillips* v. *State* (1974), 160 Ind. App. 647, at 651, 313 N.E.2d 101, at 103, we stated that,

"While an accused must have actual knowledge of the presence of the item and of the item's character, this knowledge can be inferred from the fact that the item was found in a place under his dominion and control. Thomas v. State (1973), [260] Ind. [1],

291 N.E.2d 557; Feltes et al. v. People of Colorado (Colo. 1972), 498 P.2d 1128."

In the case at bar, appellant's possession of the disputed evidence was adequately established.

No reversible error having been demonstrated, the judgment of conviction entered by the trial court is affirmed.

Affirmed.

Garrard, J., concurs; Staton, P.J., concurs in result.