GARY ALLEN MAY. *v.* STATE OF INDIANA.

[No. 3-1175A246. Filed July 5, 1977. Rehearing denied August 12, 1977.
Transfer denied December 5, 1977.]

*John F. Surbeck, Jr., Grimm & Grimm,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *James N. Shumacker,* Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Gary Allen May was convicted of possession of marijuana in violation of IC 1971, 35-24.1-2-4(d)(10) (Burns Code Ed.). After a trial by jury May was sentenced to the Indiana Department of Correction for a period of five years and fined in the penal sum of $1. After the overruling of his motion to correct errors May perfected this appeal alleging that the trial court erred in its denial of his motion to suppress evidence seized during an allegedly warrantless search of his home.

The record reveals that on July 30, 1974, the date of May's arrest, Charles B. Meeks, a Senior Detective Sergeant of Allen County was investigating information he had received con-

cerning a place frequented by juveniles with regard to two missing young women. Officer Meeks testified that he went to the residence at 5710 East Dupont Road, in Fort Wayne, Indiana, in hopes that he could link the information received about a gathering place for youths with his search for the whereabouts of the two young women.

At approximately 10:30 P.M. Officer Meeks, with another officer, drove by the residence observing a man and woman building a fire in the yard. The officers turned around and drove past the house a second time, then came back and drove into the end of the driveway. Several other cars were parked on the lawn in front of the house. Officer Meeks got out of the car and started to walk on the pavement to the front door. Appellant May came from inside the house and intercepted Officer Meeks who had begun to identify himself. As May gave him a shove saying, "Get the hell out", Officer Meeks observed in the house, through the lighted window approximately eight feet away, a set of scales and marijuana in bricks and loose on a picnic table. Together the two police officers then went into the residence and proceeded to arrest all of those present. At trial appellant made a motion to suppress the evidence seized from the premises during his arrest.

The sole issue raised on appeal concerns whether the trial court erred in denying appellant's motion to suppress the contraband evidence.

Appellant contends that the officers' entrance into his home to seize the marijuana constituted an unreasonable search and seizure in violation of his Fourth Amendment rights. Officer Meeks, it is argued, was on constitutionally protected property when he made his observation through the window. In response the State argues that Officer Meeks did not carry out a search at all; rather he is said to have observed the contraband in plain view from a place he rightfully occupied.

Drawn into question therefore is whether the contraband observed by Officer Meeks was in plain view and as a corollary whether he was justified in being on the premises and so situated as to make the observation.

Indiana has allowed the warrantless seizure of evidence which was within the plain view of an arresting officer. *Lindsey* v. *State* (1965), 246 Ind. 431, 204 N.E.2d 357; *Brown* v. *State* (1959), 239 Ind. 358, 157 N.E.2d 174; *Johnson* v. *State* (1975), 163 Ind. App. 684, 325 N.E. 2d 859. The standard followed has generally been one of reasonable police behavior under the particular circumstances of each case. Our Supreme Court in *Lindsey* v. *State, supra,* had occasion to consider whether police observations made through the screen door of the defendant's trailer-residence in a mobile home sales lot were justifiable. The court upheld the seizure of the stolen property as being reasonable upon grounds that there was no prying and the contraband taken was not hidden but rather was in plain view. *Lindsey* v. *State, supra.*

Our Supreme Court in *Alcorn* v. *State* (1970), 255 Ind. 491, 265 N.E.2d 413, quoting from *Marshall* v. *United States* (5 Cir. 1970), 422 F.2d 185, at 496 of 255 Ind., at 416 of 265 N.E.2d, stated:

> " 'A search implies an examination of one's premises or person with a view to the discovery of contraband or evidence of guilt to be used in prosecution of a criminal action. The term implies exploratory investigation or quest. *Haerr* v. *United States,* 5 Cir. 1957, 240 F.2d 533, 535.' "

One of the critical elements involved in allowing the warrantless seizure of contraband from a private place, because it was observed in plain view, is that the seizing police officers must be justified in their having been in the particular place of observation.

In *Coolidge* v. *New Hampshire* (1971), 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, the United States Supreme Court discussed the circumstances under which police officers may

seize evidence in plain view without a warrant. The court noted that plain view alone is not enough to justify the warrantless seizure of evidence. The police officer must have "had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused." (At 466 of 403 U.S., at 2038 of 91 S.Ct.)

Officer Meeks' testimony and the pictures of the house placed in evidence support the proposition that the evidence was in plain view. However, May's further argument goes to whether there was justification for the police intrusion, that is, was Officer Meeks properly on the front walk.

Among several contingencies justifying the initial intrusion under *Coolidge*, at 466 of 403 U.S., at 2038 of 91 S.Ct., is included, "some other legitimate reason for being present unconnected with a search directed against the accused."

The evidence shows that Officer Meeks was pursuing an investigation concerning the whereabouts of two young women reported missing from their parents. He was not pursuing a narcotics investigation, nor was he involved in a search directed against the accused. Instead, upon the advice of a confidential informant, Officer Meeks was attempting to verify a tip that the missing juveniles were staying there. Moreover Officer Meeks' presence was in no way different from that of any other person who might solicit the occupant of a residence for information by knocking on his front door. It was only after having observed contraband through the window that the nature of Officer Meeks' mission changed.

The Court of Appeals for the Ninth Circuit in *Davis* v. *United States* (1964), 327 F.2d 301, considered any police activity which provided an officer with a sufficient legitimacy of purpose including investigation as a reason adequate for walking up to the door of a private home. The court at 303 of 327 F.2d, stated:

"Absent express orders from the person in possession against any possible trespass, there is no rule of private or

public conduct which makes it illegal per se, or a condemned invasion of the person's right of privacy, for anyone openly and peaceably, at high noon, to walk up the steps and knock on the front door of any man's 'castle' with the honest intent of asking questions of the occupant thereof—whether the questioner be a pollster, a salesman, or an officer of the law."

In the case at bar Officer Meeks merely walked up to the front door of the May residence with some questions concerning the two sisters sought by their parents. Several other cars were parked on the lawn and a couple was building a fire in the midst of lawn chairs positioned in a circle around them. The primary light in the area came from the front window next to the door wherein Officer Meeks saw the picnic table with contraband strewn over its surface.

In this context it is clear that the evidence which was in plain view was observed by an officer rightfully in a position to have such a view and as such should not be regarded as having been discovered through a search. *Johnson* v. *State, supra,* (1975), 163 Ind. App. 684, 325 N.E.2d 859; *See also, Alcorn* v. *State, supra,* (1970), 255 Ind. 491, 265 N.E.2d 413; *United States* v. *Hanahan* (7 Cir. 1971), 442 F.2d 649. Once the contraband fell into Officer Meeks' "plain view", it was subject to seizure and properly admissible in evidence. *Brown* v. *State, supra,* (1959), 239 Ind. 358, 157 N.E.2d 174; *Harris* v. *United States* (1968), 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067.

Accordingly the judgment of the trial court must be affirmed.

Judgment affirmed.

Garrard, J., concurs; Robertson, C.J., participating by designation, concurs.

NOTE.—Reported at 364 N.E.2d 172.