JAMES O'NEAL SANDERS *v.* STATE OF INDIANA

[No. 1-577A106. Filed December 27, 1977. Rehearing denied February 7, 1978. Transfer denied August 9, 1978.]

*John D. Clouse*, of Evansville, for appellant.

*Theodore L. Sendak*, Attorney General, *Jane M. Gootee*, Deputy Attorney General, for appellee.

ROBERTSON, C.J.—Defendant-appellant James O'Neal Sanders (Sanders) was convicted after a trial by jury of the offense of sodomy, IC 1971, 35-1-89-1, and was sentenced to two to fourteen (2-14) years in prison. He now appeals from the denial of his belated motion to correct errors.

Sanders has raised two issues in this appeal:

1. Whether he is entitled to a new trial on the basis of newly discovered evidence consisting of statements by the State's sole witness that he committed perjury?

2. Whether the trial court erred by not instructing the jury

that it could draw an inference adverse to the state from the failure of the victim of the crime to testify.

The evidence most favorable to the State shows that on October 24, 1976, Danny Lee Hall, an inmate of the Vanderburgh County Jail was raped numerous times, both annally and orally, by six other inmates. The only witnesses to the crime were the inmates who had participated.

Although Hall had originally given a statement to police and signed an affidavit charging Sanders and several other inmates with sodomy, he refused to testify against Sanders at trial. The State's evidence at trial consisted of the testimony of two Vanderburgh County Sheriff's deputies, who testified that Hall had apparently been assaulted, plus the testimony of James Tester, another inmate who allegedly took part in the assault. Tester had agreed to testify for the State and against Sanders in return for the State's promise to drop the sodomy charges against him. No evidence was presented at trial, other than Tester's testimony, to connect Sanders with the alleged attack on Hall.

The newly discovered evidence relied upon by Sanders consists of three letters written by Tester and addressed to the Vanderburgh County Sheriff, prosecuting attorney, and the Governor of Indiana. In these letters, Tester stated that he had committed perjury in Sanders's trial, that Sanders was not guilty of the acts charged, and that the only reason he testified against Sanders was that he thought Sanders was going to testify against him. He further admitted to acts of sodomy against Hall, although he had denied this during Sanders's trial.

An application for new trial made on the basis of newly discovered evidence must be supported by an affidavit or affidavits which a showing of fact that: (1) the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon

a retrial of the case; and (9) that it will probably produce a different result. *Emerson v. State* (1972), 259 Ind. 399, 287 N.E.2d 867. Further, an admission of perjury in and of itself does not mandate a new trial. *Rector v. State* (1976), 264 Ind. 78, 339 N.E.2d 551. The trial judge, in deciding whether or not to grant a new trial, may consider the weight a reasonable trier of fact might give that evidence and may also evaluate its probable impact on the new trial in light of the facts and circumstances of the original trial. *Emerson v. State, supra.* The granting of a new trial on the basis of newly discovered evidence is a matter which rests in the sound discretion of the trial court, and that decision will be overturned on appeal only for an abuse of that discretion.

Although the Supreme Court reversed in a similar situation in *Key v. State* (1956), 235 Ind. 172, 132 N.E.2d 143, we feel that the case at a bar is distinguishable on its facts. In *Key*, the witness told the jailer, before trial, that he intended to commit perjury and falsely implicate the defendant because he had had dates with the witness's wife. In this case, Tester did not recant his testimony until two months after trial. Further, Tester's testimony at trial is strongly corroborated in most details by the statement and affidavit of Hall. In addition, there is nothing to indicate that Tester's recantation is worthy of any credit. The trial court may well have inferred that Tester's change in testimony resulted from experiences during his two month imprisonment following trial.

A motion for a new trial on the basis of newly discovered evidence should be received with great caution, and the alleged new evidence should be carefully scrutinized. *Fultz v. State* (1968), 250 Ind. 43, 233 N.E.2d 243. On the facts of this case, we cannot say that Tester's letters are particularly worthy of credit nor that the trial court abused its discretion in denying Sanders a new trial.

Sanders next argues that the trial court erred by refusing to instruct the jury that an inference adverse to the State could be drawn because of the State's failure to call the victim as a witness. He argues that when a party fails to introduce evidence

which would naturally be produced in support of his case, an inference arises that this evidence would be adverse to his interest.

The facts of this case, however, do not support Sanders's argument. Hall was in fact called as a witness by the State, out of the presence of the jury. Hall, however refused to testify and was cited for contempt of court. Furthermore, Sanders's attorney objected to having Hall called as a witness because of Hall's refusal to testify. While the failure of the State to produce a particular witness may in some instances give rise to an unfavorable inference, this is not necessarily so where the State has made reasonable efforts to produce that witness's testimony. *Spright v. State* (1970), 254 Ind. 420, 260 N.E.2d 770.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE—Reported at 370 N.E.2d 966.